# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**ex rel. MELANIE BERZAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-199-JWD-RLB** |
| **HEALTH CARE OPTIONS, INC.;**<br>**HEALTH CARE OPTIONS OF**<br>**LAFAYETTE, INC.; HOME CARE**<br>**OPTIONS HOUSTON, INC.; and**<br>**HOWARD AUSTIN, II, IN HIS**<br>**CAPACITY AS EXECUTOR OF THE**<br>**ESTATE OF ANNETTE AUSTIN AND**<br>**IN HIS INDIVIDUAL CAPACITY** | |

---

## STIPULATED ORDER AND CONSENT JUDGMENT

---

This Stipulated Order and Consent Judgment is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS) (collectively, the "United States"); Health Care Options, Inc.; Health Care Options of Lafayette, Inc.; Home Care Options Houston, Inc.; and Howard Austin, II, in his capacity as executor of the Estate of Annette Austin and in his individual capacity (collectively, "Defendants"); and Melanie Berzas ("Relator") (hereinafter collectively referred to as the "Parties"), through their authorized representatives.

## RECITALS

A.      Health Care Options, Inc.; Health Care Options of Lafayette, Inc.; and Home Care

Options Houston, Inc. are providers of home health services in Louisiana and in Texas. These entities were owned or operated in part by Annette Austin and are owned or operated in part by Howard Austin, II. Howard Austin, II, also serves as the executor of the Estate of Annette Austin.

B.  On March 7, 2014, Melanie Berzas filed a *qui tam* action in the United States District Court for the Middle District of Louisiana captioned *United States of America ex rel. Melanie Berzas v. Health Care Options, Inc.*, Civil Action No. 14-199-JWD-RLB, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action"). Relator alleges that Health Care Options, Inc. has submitted, or has caused to be submitted, false or fraudulent claims for payment to Federal health care programs. The United States has intervened in the Civil Action and has added claims against Health Care Options of Lafayette, Inc.; Home Care Options Houston, Inc.; and Howard Austin, II, in his capacity as executor of the Estate of Annette Austin and in his individual capacity.

C.  The United States contends that Defendants have submitted or have caused to be submitted claims for payment to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 ("Medicare"), and the Medicaid Program, 42 U.S.C. §§ 1396-1396w-5 ("Medicaid").

D.  The United States contends that it has certain civil claims against Defendants arising from the submission of false and fraudulent claims for payment to Medicare and Medicaid for home health services that did not comply with statutory and regulatory conditions of payment—specifically, face-to-face physician-patient encounters—during the period from 2011 to 2018. That conduct is referred to below as the "Covered Conduct."

E.     Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Stipulated Order and Consent Judgment and to Relator's reasonable expenses, attorneys' fees, and costs.

F.     Defendants agree to accept service of the United States' complaint and summons.

G.     In order to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Stipulated Order and Consent Judgment, the Parties agree and covenant as follows:

<u>TERMS AND CONDITIONS</u>

1.     Defendants consent to the entry of this judgment against them, jointly and severally, and in favor of the United States in the amount of **$2,500,000.00** (Two Million Five Hundred Thousand Dollars) (the "Judgment Amount"), of which $1,711,567.49 is restitution.

2.     The Judgment Amount is a debt to the United States as defined in the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001-3008, and nothing in this Stipulated Order and Consent Judgment precludes the United States from taking action to collect the debt as authorized by law.

3.     Subject to the Terms and Conditions herein, the Judgment Amount shall be considered fully satisfied upon completion of each of the following:

a.     On the Effective Date of this Stipulated Order and Consent Judgment, Defendants shall pay to the United States **$570,000.00** (Five Hundred Seventy Thousand Dollars) by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Middle District of Louisiana.

b.    On the Effective Date of this Stipulated Order and Consent Judgment, Defendants agree to immediately market for sale the residence at 12991 Highland Road, Baton Rouge, Louisiana 70810 (the "Residence").   The initial listing price for the Residence shall be mutually acceptable to the United States and to Defendants.

(1)    Defendants agree to seek and receive prior approval by the United States before reducing the listing price of the Residence at any time.

(2)    Should Defendants receive within twelve (12) months of the Effective Date of this Stipulated Order and Consent Judgment an offer to purchase the Residence at or above the listing price effective as of the date of that offer, Defendants may accept the offer without prior approval by the United States.

(3)    Defendants agree to seek prior approval by the United States before accepting any offer to purchase the Residence below the listing price effective on the date of the offer.

(4)    The net proceeds of any sale of the Residence, constituting gross proceeds less taxes and the costs and fees of closing, shall first be payable toward satisfaction of the primary mortgage on the Residence and any other encumbrances outranking the debt created by this Stipulated Order and Consent Judgment, then toward any commissions owed to real estate agents or brokers in connection with the sale of the Residence, and finally toward the satisfaction of the Judgment Amount.

(5)     For the purpose of clarifying the Parties' intent in entering into this Stipulated Order and Consent Judgment, nothing under this Paragraph 3.b other than payment of the net proceeds of the sale of the Residence toward the Judgment Amount, in accordance with Paragraph 3.b.(4), shall constitute a payment to the United States for purposes of Paragraph 3.e, below.

c.     Within thirty (30) days of the Effective Date of this Stipulated Order and Consent Judgment, Defendants agree to liquidate all funds in brokerage account number 17568396 with Raymond James Financial Services, Inc., 8280 YMCA Plaza Drive, Bldg. 4, Baton Rouge, Louisiana 70810.   Following liquidation, Defendants will immediately pay a sum equal to the net proceeds from that account, constituting gross proceeds less amounts owed to any lien holders, taxes, fees, and costs, to the United States by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Middle District of Louisiana.

d.     Defendants have represented that the Estate of Annette Austin is a beneficiary to a pending sale of certain assets related to Health Care Options Hospice of Lafayette, Inc.   Defendants agree to immediately notify the United States upon the completion of that sale and to pay a sum equal to the net proceeds from that sale, constituting gross proceeds less taxes, fees, and costs, to the United States within ten (10) days of the effective date of that sale by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Middle District of Louisiana.

e. Notwithstanding any other provision of this Paragraph 3, in the event that total payments to the United States under this Paragraph 3 do not equal or exceed **$2,500,000.00** (Two Million Five Hundred Thousand Dollars) within twelve (12) months of the Effective Date of this Stipulated Order and Consent Judgment, Defendants shall pay, within thirty (30) days following twelve months after the Effective Date of this Stipulated Order and Consent Judgment, to the United States an amount equal to the difference between $2,500,000.00 and all payments made under this Paragraph 3.

f. A total of $1,711,567.49 of all payments made under this Paragraph 3 is restitution.

4. Failure to fully comply with any term including in Paragraph 3 of this Stipulated Order and Consent Judgment shall constitute both a material breach of the Parties' agreements and a Default of this Stipulated Order and Consent Judgment as described in Paragraph 15 below.

5. Subject to the exceptions in Paragraph 7 (concerning excluded claims) below, and conditioned upon Defendants' full payment of the Judgment Amount or satisfaction thereof in accordance with Paragraph 3, the United States releases Defendants from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

6. Subject to the exceptions in Paragraph 7 below, and conditioned upon Defendants' full payment of the Judgment Amount or satisfaction thereof in accordance with Paragraph 3,

Relator, for herself and her heirs, successors, attorneys, agents, and assigns, releases Defendants from any civil monetary claim Relator has on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

7.      Notwithstanding the releases given in Paragraphs 5-6 of this Stipulated Order and Consent Judgment, or any other term of this Stipulated Order and Consent Judgment, the following claims of the United States are specifically reserved and are not released:

      a.      Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

      b.      Any criminal liability;

      c.      Except as explicitly stated in this Stipulated Order and Consent Judgment, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

      d.      Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

      e.      Any liability based upon obligations created by this Stipulated Order and Consent Judgment; and

      f.      Any liability of individuals not Parties to this Stipulated Order and Consent Judgment.

8.      Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Stipulated Order and Consent Judgment but agree and confirm that this Stipulated Order and Consent Judgment is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).    In connection with this Stipulated Order and Consent Judgment and this

Civil Action, Relator and her heirs, successors, attorneys, agents, and assigns agree that neither this Stipulated Order and Consent Judgment, any intervention by the United States in the Civil Action in order to dismiss the Civil Action, nor any dismissal of the Civil Action, shall waive or otherwise affect the ability of the United States to contend that provisions in the False Claims Act, including 31 U.S.C. § 3730(d)(3), (e), bar Relator from sharing in the proceeds of this Stipulated Order and Consent Judgment. Moreover, the United States and Relator and her heirs, successors, attorneys, agents, and assigns agree that they each retain all of their rights pursuant to the False Claims Act on the issue of the share percentage, if any, that Relator should receive of any proceeds of the settlement of her claim(s), and that no agreements concerning Relator's share have been reached to-date.

9. Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, releases Defendants and their officers, agents, and employees from any liability to Relator arising from the filing of the Civil Action, except that the Relator, her heirs, successors, attorneys, agents, and assigns shall retain all of her rights pursuant to the False Claims Act to recover from the Defendants her reasonable expenses, attorneys' fees, and costs pursuant to 31 U.S.C. § 3730(d), if any. No agreement concerning reasonable expenses, attorneys' fees, and costs has been reached to-date.

10. Defendants waive and shall not assert any defenses Defendants may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the

Constitution, this Stipulated Order and Consent Judgment bars a remedy sought in such criminal prosecution or administrative action.

11.     Defendants fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

12.     The Judgment Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and Defendants agree not to resubmit to any Medicare contractor or any state payer any previously denied claims related to the Covered Conduct, agree not to appeal any such denials of claims, and agree to withdraw any such pending appeals.

13.     The Parties warrant that, in evaluating whether to execute this Stipulated Order and Consent Judgment, they have: (a) intended that the mutual promises, covenants, and obligations set forth herein constitute a contemporaneous exchange for new value given to Defendants within the meaning of 11 U.S.C. § 547(c)(1); and (b) concluded that these mutual promises, covenants, and obligations constitute such a contemporaneous exchange.    Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendants were or became indebted to on or after the date of this transfer,

within the meaning of 11 U.S.C. § 548(a)(1).

14.     If within 91 days of the Court's entry of this Stipulated Order and Consent Judgment or of any payment made pursuant thereto, any Defendant or third party commences a case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors: (a) seeking to have any order for relief of any Defendant's debts, or seeking to adjudicate any Defendant as bankrupt or insolvent; or (b) seeking appointment by a receiver, trustee, custodian, or other similar official for any Defendant, or for all or any substantial part of any Defendant's assets, Defendants agree as follows:

a.      Defendants' obligations under this Stipulated Order and Consent Judgment may not be avoided pursuant to 11 U.S.C. § 547, and Defendants shall not argue or otherwise take the position in any such case, proceeding, or action that:

(1)     Any Defendant's obligations under this Stipulated Order and Consent Judgment may be avoided under 11 U.S.C. § 547;

(2)     Any Defendant was insolvent at the time the Court entered this Stipulated Order and Consent Judgment, or became insolvent as a result of any payment made to the United States; or

(3)     The mutual promises, covenants, and obligations set forth in this Stipulated Order and Consent Judgment do not constitute a contemporaneous exchange for new value given to any Defendant.

b.      Defendants' obligations under this Stipulated Order and Consent Judgment

are non-dischargeable under 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 1141(d)(6)(A), regardless of whether or not the United States timely files an adversary complaint to establish a claim under 11 U.S.C. § 523(c)(1).

c.  If any Defendant's obligations under this Stipulated Order and Consent Judgment are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option and upon notice to the Court, may rescind the releases contained within this Stipulated Order and Consent Judgment and may bring any civil or administrative claim, action, or proceeding against Defendants for the claims that would otherwise be covered by the releases provided herein.

(1)  Any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in this subparagraph, and Defendants or a related party shall not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay;

(2)  Defendants or a related party shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, statute of repose, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceedings that are brought by

the United States; and

(3)     Any such claims against Defendants are valid in the full amount of all federal funds used, trebled, plus the statutory maximum penalty for each claim submitted or caused to be submitted to the United States by Defendants, and the United States may pursue its claims against Defendants in the complaint as well as in any other case, action, or proceeding.

15.     <u>Default</u>.

a.     Subject to all other terms of this Stipulated Order and Consent Judgment, in the event that Defendants fail to pay any amount due under this Stipulated Order and Consent Judgment within 5 days of the date upon which such payment is due, Defendants shall be in default of their payment obligations ("Default").   In the event of Default, the Judgment Amount, with interest accruing at the rate of 4% per annum compounded daily from the Effective Date of this Stipulated Order and Consent Judgment (the "Judgment Interest"), shall become immediately due and payable.   The United States, at its sole option, may do one or more of the following: (a) offset the unpaid balance of the Judgment Amount and the Judgment Interest from any amounts due and owing to Defendants by any department, agency, or agent of the United States at the time of the Default; (b) seek an order or other relief from the Court, in which event the United States shall be entitled to an award of reasonable attorneys' fees and costs; or (c) exercise any other rights granted by law or in equity, including the option of referring such matters for private collection. Defendants agree not to contest any offset imposed and any collection action undertaken by the

United States pursuant to this paragraph, either administratively or in any state or federal court. Defendants shall pay the United States all reasonable costs of collection and enforcement under this paragraph, including attorneys' fees and expenses.

      b.     In the event of Default, Defendants agree not to plead, argue, or otherwise raise any defenses under the theories of statute of limitations, statute of repose, laches, estoppel, or similar theories, to any civil or administrative claims, actions, or proceedings brought by the United States as a result of Defendants' Default.

      c.     Additionally, in the event of Default, OIG-HHS may exclude Defendants from participating in all Federal health care programs until Defendants pay the Judgment Amount, the Judgment Interest, and all reasonable costs as set forth above. OIG-HHS will provide written notice of any such exclusion to Defendants. Defendants waive any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7) and agree not to contest such exclusion either administratively or in any state or federal court. Reinstatement to program participation is not automatic. If at the end of the period of exclusion Defendants wish to apply for reinstatement, Defendants must submit a written request for reinstatement to OIG-HHS in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. Defendants will not be reinstated unless and until OIG-HHS approves such request for reinstatement.

16.     Defendants agree to the following:

      a.     <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk and 1396-1396w-5; and the regulations and official program

directives promulgated thereunder) incurred by or on behalf of Defendants, their present or former officers, directors, employees, shareholders, and agents in connection with:

    (1)    the matters covered by this Stipulated Order and Consent Judgment;

    (2)    the United States' audit(s) and civil investigation(s) of the matters covered in this Stipulated Order and Consent Judgment;

    (3)    Defendants' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Stipulated Order and Consent Judgment (including attorneys' fees);

    (4)    the negotiation and performance of this Stipulated Order and Consent Judgment; and

    (5)    the payments that Defendants make to the United States pursuant to this Stipulated Order and Consent Judgment and any payments that Defendants may make to Relator, including costs and attorneys' fees,

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as "Unallowable Costs").

    b.    <u>Future Treatment of Unallowable Costs</u>:  Unallowable Costs shall be separately determined and accounted for by Defendants, and Defendants shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost

statement, information statement, or payment request submitted by Defendants or any of their subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

   c. <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: Defendants further agree that within 90 days of the Effective Date of this Stipulated Order and Consent Judgment it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Defendants or any of their subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Defendants agree that the United States, at minimum, shall be entitled to recoup from Defendants any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment. Defendants shall identify these Unallowable Costs through: (1) accounting records, to the extent possible; (2) memorandum records, including diaries and informal logs, regardless of whether such records are part of official documentation, where accounting records are not available; and (3) good-faith, itemized estimates where no other accounting basis is available.

  Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice or the affected agencies. The United States

reserves its rights to disagree with any calculations submitted by Defendants or any of their subsidiaries or affiliates on the effect of the inclusion of Unallowable Costs on Defendants or any of their subsidiaries' or affiliates' cost reports, cost statements, or information reports.

        d.      Nothing in this Stipulated Order and Consent Judgment shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Defendants' books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this paragraph.

17.     Defendants agree to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Stipulated Order and Consent Judgment. Upon reasonable notice, Defendants shall encourage, and agree not to impair, the cooperation of their directors, officers, and employees, and shall use their best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. Defendants further agree to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in their possession, custody, or control concerning any investigation of the Covered Conduct that they have undertaken, or that has been performed by another on their behalf.

18.     The Stipulated Order and Consent Judgment is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 19 (waiver for beneficiaries paragraph), below.

19.     Defendants agree that they waive and shall not seek payment for any of the health

care billings covered by this Stipulated Order and Consent Judgment from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

20. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulated Order and Consent Judgment.

21. Each Party and signatory to this Stipulated Order and Consent Judgment represents that it freely and voluntarily enters into this Stipulated Order and Consent Judgment without any degree of duress or compulsion.

22. This Stipulated Order and Consent Judgment constitutes the complete agreement between the Parties.

23. The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulated Order and Consent Judgment on behalf of the persons and entities indicated below.

24. This Stipulated Order and Consent Judgment is binding on Defendants' successors, transferees, heirs, and assigns.

25. This Stipulated Order and Consent Judgment is binding on Relator's successors, transferees, heirs, and assigns.

26. All Parties consent to the United States' disclosure of this Stipulated Order and Consent Judgment, and information about this Stipulated Order and Consent Judgment, to the public.

27. All agreements contained within this Stipulated Order and Consent Judgment are

contingent upon the Court's approval and entry of this Stipulated Order and Consent Judgment on the case docket.   This Stipulated Order and Consent Judgment is effective from the date of the Court's approval and entry of this Stipulated Order and Consent Judgment on the case docket (the "Effective Date").

28.     Upon entry of this Stipulated Order and Consent Judgment, an Order of Dismissal shall be entered dismissing without prejudice the United States' and Relator's claims against Defendants as to those elements of the Civil Action that are coextensive with the Covered Conduct. The Court shall retain jurisdiction to resolve any claims asserted by Relator that are not resolved by this Stipulated Order and Consent Judgment, including Relator's claim of reasonable expenses, attorneys' fees, and costs under 31 U.S.C. § 3730(d).

29.     The United States District Court for the Middle District of Louisiana shall retain jurisdiction in this case to enforce the terms of this Stipulated Order and Consent Judgment.

**THE UNITED STATES OF AMERICA**

BRANDON J. FREMIN
UNITED STATES ATTORNEY

DATED: 9/26/2019     BY: _Chase E. Zachary_____
CHASE E. ZACHARY
Assistant United States Attorney
Middle District of Louisiana

## THE UNITED STATES OF AMERICA

DATED: **9/25/2019**     BY: _Lisa M Re_

LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and Human Services

**HEALTH CARE OPTIONS, INC.**

DATED: _5-6-19_     BY: _____, CEO
                                     HEALTH CARE OPTIONS, INC.
                                     Howard Austin, II

DATED: _9-6-19_     BY: _____
                                     JOHN L. HENCHY
                                     Attorney for Health Care Options, Inc.

**HEALTH CARE OPTIONS OF LAFAYETTE, INC.**

DATED: 9 6 19      BY: _____

HEALTH CARE OPTIONS OF LAFAYETTE, INC.
Howard Austin, II

DATED: 9-6-19      BY: _____

JOHN L. HENCHY
Attorney for Health Care Options of Lafayette, Inc.

## HOME CARE OPTIONS HOUSTON, INC.

DATED: 9-6-19    BY: _____, CEO
HOME CARE OPTIONS HOUSTON, INC.
Howard Austin, II

DATED: 9-6-19    BY: _____
JOHN L. HENCHY
Attorney for Home Care Options Houston, Inc.

### HOWARD AUSTIN, II, IN HIS CAPACITY AS EXECUTOR OF THE ESTATE OF ANNETTE AUSTIN

DATED: _9-6-19_  BY: _____ Executor
HOWARD AUSTIN, II, in his capacity as executor of the
Estate of Annette Austin


DATED: _9-6-19_  BY: _____
JOHN L. HENCHY
Attorney for Howard Austin, II, in his capacity as
executor of the Estate of Annette Austin

## HOWARD AUSTIN, II, IN HIS INDIVIDUAL CAPACITY

DATED: 9-6-19          BY: _____

HOWARD AUSTIN, II, in his individual capacity

DATED: 9-6-19          BY: _____

JOHN L. HENCHY

Attorney for Howard Austin, II, in his individual capacity

**MELANIE BERZAS**

DATED: 9/9/19    BY: _Melanie Berzas_
MELANIE BERZAS
Relator

DATED: 9/9/19    BY: _Thomas M. Greene_
THOMAS M. GREENE
Attorney for Melanie Berzas

SO ORDERED this 23rd day of ___October___ , 2019 in Baton Rouge, Louisiana.

_____
**HON. JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**